■ In the Matter of the Claim of JOHN MENSAH, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 14, 1974, which determined that claimant was ineligible to receive benefits on the ground he voluntarily left his employment without good cause by provoking his discharge. Claimant worked for his employer as a handyman for a little over a year when he was discharged on December 7, 1973 following a screening for hypertension of all employees in the establishment. Claimant was advised shortly before noon on December 7, 1973 that his blood pressure was

elevated and, while it was no cause for alarm, he should contact his family physician. Claimant testified he became upset and at about 12:00 o'clock noon which would be his normal lunch period, he went to visit his doctor in Brooklyn. He advised no one that he was going. Claimant had no appointment and the doctor was busy, requiring a long delay before he could examine claimant. When claimant finished with the doctor, and at about 5:30 P.M., he phoned his employer's establishment and left word as to what he had done. He was discharged for leaving his job without notifying his employer. The board found that claimant reasonably should have anticipated that such conduct would lead to his discharge and that he provoked his discharge. The doctrine of "provoked discharge" was recently narrowed (Matter of James [Levine], 34 NY2d 491). In substance, James held that in order for the board to determine that an employee provoked his discharge, there must be a finding of misconduct. In the instant case no finding of misconduct was made by the board. Nor are we able to conclude from a reading of the record in its entirety that the board's findings of fact necessarily imply a finding that claimant was guilty of misconduct, as required by James. Consequently, the matter must be remanded for proper findings. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.