◼ In the Matter of the Claim of ODILA MOJICA, Appellant. NEW YORK TELEPHONE COMPANY, Respondent. LOUIS L. LEVINE, as Industrial Commissioner, Respondent. In the Matter of the Claim of PAUL DOMENECH, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal in

each of the above-entitled proceedings from decisions of the Unemployment Insurance Appeal Board, filed October 23, 1973 and June 28, 1974, respectively, which disqualified each claimant from receiving benefits because of voluntary leaving of employment without good cause by provoking his or her discharge. Claimant Mojica was employed as a telephone operator. The board found that after being placed on final warning on April 27, 1973 for "no report absences", she failed to notify her employer that she would be absent on May 21, 1973 until after 9:00 P.M. She did not call on May 22. The record establishes that the employer had a rule which required an employee to call in and advise the employer he was going to be absent, prior to the beginning of his shift. Claimant was discharged because of her absences on May 21 and 22. The board's findings here are supported by substantial evidence. In our view, claimant's conduct clearly constituted misconduct. Claimant Domenech was employed as an electrician's helper. His last day of employment was March 25, 1974. He did not report for work on March 26 and called his employer on March 27 informing him that he would be late. As a result, he was discharged. The board could find on this record that claimant did not call in on March 26. On his application for benefits, he stated that he could not call because he was not near a phone. The record also demonstrates that claimant knew he was required to call in when he was not going to report for work. The board's findings unequivocally point to misconduct and are supported by substantial evidence. We find no merit in claimants' argument that they were denied due process as to notice and opportunity to contest the issue of misconduct. As we stated in *Matter of Mensah (Levine)* (48 AD2d 743, 744), "In substance *[Matter of James (Levine),* 34 NY2d 491] held that in order for the board to determine that an employee provoked his discharge, there must be a finding of misconduct." Under the *James* decision, once the facts found by the board compel the conclusion that claimant was discharged for misconduct, it serves no useful purpose to remit the claim to the division to reassess the conclusion. Implicit in *James* is a holding that when the record establishes misconduct due process does not require a remittal of the matter for a new hearing. Decisions affirmed, without costs. Herlihy, P. J., Sweeney, Koreman, Main and Reynolds, JJ., concur.